**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.:** 1:22-cr-20350-RKA-2

UNITED STATES OF AMERICA,

v.

HUMBERTO VASQUEZ DIAZ,

     Defendant.

_____/

**<u>DEFENDANT HUMBERTO VASQUEZ DIAZ'S PSR OBJECTIONS</u>**

COMES NOW, Defendant HUMBERTO VASQUEZ DIAZ ("Vasquez"), through counsel, and hereby presents the following objections to the U.S. Probation Office's Pre-Sentence Investigation Report ("PSR") filed on December 14, 2023 [D.E. 55].

1.      On October 18, 2023, Defendant Vasquez was found guilty by bench trial of Counts One and Two of a two-count Indictment, which charged him with conspiracy to possess with intent to distribute five kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States (Count 1), in violation of 46 U.S.C. § 70506(b), and possession with intent to distribute five kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States (Count 2), in violation of 46 U.S.C. § 70503(a)(1). [D.E. 55, p.4]

2.      **Objection to PSR Paragraph 11:**  Paragraph 11 incorrectly alleges that Vasquez was transported to the Southern District of Florida on July 8, 2022, when in fact he was not transported to the district until November 29, 2022.

3.      **Objection to PSR Paragraphs 19, 30 and 66:**  The Defense objects to paragraph 19's allegation that Vasquez has not provided a safety valve statement.  Since the PSR was filed, Vasquez has provided a safety valve statement and should therefore qualify for sentencing without regard to the statutory minimum as well as a reduced offense level. For this reason, the

Defense also objects to paragraphs 30 and 66 to the extent they do not reflect the two-level reduction under U.S.S.G. § 2D1.1(b)(18).

4.     **Objection to PSR Paragraphs 24 and 30:**  The Defense believes Vasquez should receive a 2-level minor role reduction and therefore adopts and incorporates by reference the reasoning and argument set forth in Codefendant OSVALDO GONZALEZ's objection to paragraphs 24 and 30 as to whether Mr. Gonzalez should have received a 2-level minor role reduction.  Vasquez's background and involvement in the instant charged criminal activity is similar enough to Gonzalez's background and involvement that Vasquez should qualify for a minor role reduction if Gonzalez is granted said reduction. Like Gonzalez, Vasquez is a poor fisherman who was offered $35,000.00 to become involved in the charged criminal conduct, but without being given much information as to the scope and structure of the overall criminal plan. Like Gonzalez, "[h]e did not know who or how many individuals were involved in the distribution of the drugs he was given, what quantity he was given or what the loss of that quantity would mean or not mean to those who had a proprietary interest in it, from where and whom the drugs were procured or where and to whom they would be sold, or how decisions were made about when and how much to transport." Gonzalez PSR Objections. [D.E. 59, p. 5] As was true for Gonzalez, similarly, Vasquez was approached and asked to perform a "discrete task" at a specified "time and in a manner," *id*., and was "ultimately directed to stay at a camp in a foreign country [where he] was to wait until he was told that it was time to go." *Id.*  Also, like Gonzalez, Vasquez "played no role in the planning or organizing of the transport of the drugs, let alone in the conspiracy to traffic those drugs." *Id.* Finally, like Gonzalez, Vasquez was never actually paid for his involvement in the charged criminal activity, and the Defense does not believe there

was ever any guarantee that he would be paid what he was offered even if his criminal task had been completed.

Should the Court grant the minor role reduction here, as would be true for Codefendant Gonzalez as described in his PSR objections, Vasquez's guidelines calculation would be: base offense level of 38, reduced to 34 (per § 2D1.1(a)(5)(A) and (B)(iii)); reduced to 32 under Chapter 3 for minor role; reduced to 30 under Chapter 4 since Vasquez is a first-time, zero-point offender; reduced to 28 under Chapter 5 for safety valve, and reduced to 27 for acceptance of responsibility. Because Vasquez does not contest that his criminal history category is I, his advisory guideline range would accordingly be 57 to 71 months.

WHEREFORE, Defendant HUMBERTO VASQUEZ DIAZ respectfully requests that this Court SUSTAIN the foregoing objections.

Respectfully submitted,

ROGER CABRERA, P.A.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2000
Miami, Florida 33131
Telephone:     (305) 823-8383
Facsimile:     (305) 675-7970
Email:          roger@cabrera.legal

By:     */s/ Roger Cabrera*
      ROGER CABRERA, ESQ.
      Florida Bar No. 0148740

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 3rd day of January 2024, a true and correct copy of the foregoing was uploaded via the CM / ECF case filing system and thereby delivered to all parties and counsel of record.

    */s/ Roger Cabrera*
    ROGER CABRERA, ESQ.

- 3 -